DAN RAYFIELD
Attorney General
NATALIE M. FISHER #223995
Assistant Attorney General
DIRK L. PIERSON #941281
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  natalie.fisher@doj.oregon.gov
             Dirk.L.Pierson@doj.oregon.gov

Attorneys for Defendants Burwell, Elmquist, Flint-Gerner, Garcia Glenn, Kennedy, Pakseresht, Polzel, Sorsenson, Sustrik, Wendt, Governor's Advocacy Office, and Oregon Department of Human Services

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MAREESA BARRETT,<br><br>   Plaintiff,<br><br>   v.<br><br>OREGON DEPARTMENT OF HUMAN SERVICES; OREGON GOVERNOR'S ADVOCACY OFFICE; FARIBORZ PAKSERESHT, former Director, Oregon Department of Human Services in his official capacity;<br>LIESL WENDT, Director, Oregon Department of Human Services, in her official capacity;<br>APRILLE FLINT-GERNER, former Director Child Welfare Division in her official capacity;<br>ROLANDA GARCIA, Interim Director, Child Welfare in her official capacity;<br>MO GLENN, former Director Oregon Governor's Advocacy Office; JENNIFER SORENSON, Interim Director, Oregon Governor's Advocacy Office; WENDY POLZEL, Child Protection Services Supervisor in her official and individual capacities; JILLIAN KENNEDY, ODHS | Case No.  3:24-cv-1483-AB<br><br>MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT |

Page 1 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
           NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Child Welfare Permanency Worker in her official and individual capacities; CHRISTINA SUSTRIK, Child Welfare Supervisor in her official and individual capacities; SARAH BURWELL, Ombuds, Oregon Governor's Advocacy Office; DONDREA ELMQUIST in her official and individual capacities;

Defendants.

## RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1, counsel for Defendants Oregon Department of Human Services ("ODHS"), Governor's Advocacy Office ("GAO"), Fariborz Pakseresht, Liesl Wendt, Aprille Flint-Gerner, Rolanda Garcia, Maurice ("Mo") Glenn, Jennifer Sorenson, Wendy Polzel, Jillian Kennedy, Christina Sustrik, Sarah Burwell, and Dondrea Elmquist (collectively, "Defendants") and pro se Plaintiff Mareesa Barrett conferred by email to resolve the disputes that are the subject of these Motions, and while one Motion is unopposed, the remaining could not be resolved without the assistance of this Court.

## UNOPPOSED RULE 12 MOTION

After conferral, the parties have agreed that any references to Defendant AAG Sybille Baer shall be stricken from the Second Amended Complaint in compliance with this Court's Opinion and Order (ECF No. 57) dated December 2, 2025, dismissing AAG Baer from this matter with prejudice. AAG Baer appears as "Defendant Baer" in four places in paragraph 57.

## OPPOSED RULE 12 MOTIONS

Having been unable to resolve their remaining disputes through conferral, Defendants now respectfully submit the following Rule 12(f) Motion to Strike or in the alternative Rule 12(e) Motion for a More Definite Statement, which are supported by the allegations in the Second Amended Complaint and the following Memorandum of Law.

## I.   BACKGROUND

On December 5, 2025, this Court issued an Opinion and Order granting Defendants Motion to Dismiss, dismissing some claims with prejudice, and granting Plaintiff leave to amend

Page 2 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

her First Amended Complaint within specific parameters.  (ECF No. 57, at 25-26).  This Court dismissed with prejudice:

1. Plaintiff's § 1983 and state law claims against Defendant ODHS;
2. Plaintiff's state law and § 1983 claims for damages against Director Defendants;
3. All of Plaintiff's claims against Defendant Baer;
4. All of Plaintiff's claims against Defendant Krochalis;
5. Plaintiff's claim under the Adoption Assistance and Child Welfare Act;
6. Plaintiff's standalone claim for conspiracy;
7. Plaintiff's ADA claim against the remaining individual Defendants in their individual capacities; and
8. Plaintiff's claim against Defendant Mancuso arising out of her 2019 GAO report.

Plaintiff was granted leave to amend the following:

1. Plaintiff's Third Cause of Action under the ADA against Defendant ODHS and the remaining Defendants in their official capacities;
2. The § 1983 claims against Director Defendants in the official capacities for injunctive relief; and
3. Plaintiff's § 1983 substantive due process claim; § 1983 constitutional and civil rights violations claim; § 1983 defamation claim; § 1983 discrimination claim; breach of confidentiality claim; intentional infliction of emotional distress claim; intentional interference with contractual relations and fraudulent misrepresentation claim; and § 1983 abuse of process claim against Defendants Elmquist, Polzek, Sustrick, and Kennedy for actions that are not time-barred.

In doing so, this Court also required "that any amended pleading identify with specificity Plaintiff's claims, including the specific legal bases for each of Plaintiff's claims and the specific actions by specific Defendants that Plaintiff claims were unlawful."  (ECF No. 57, at 26).  This Court further required the parties to address the jurisdictional question presented by *Younger v.*

Page 3 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
           NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Harris*, 401 U.S. 37 (1972) if Plaintiff chose to amend her complaint. Finally, Defendants have attempted to compile with specificity the perceived defects in Plaintiff's Second Amended Complaint, of which there are many, to ensure all parties can properly litigate this matter should it proceed. Indeed, while Plaintiff was instructed to provide a short and plain statement of each of her claims, her Second Amended Complaint is seven pages longer than her First Amended Complaint. Thus, should this Court identify additional defects in Plaintiff's Second Amended Complaint, Defendants humbly request that this Court either strike those defects from the Second Amended Complaint or order Plaintiff to make a more definite statement as to the claims.

## II.  LEGAL STANDARDS

### A.  Motion to Strike

Rule 12(f):

> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
>   (1) on its own; or
>
>   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

The purpose of Fed. R. Civ. P. 12(f) is to avoid the costs that arise from litigating spurious issues by dispensing with them prior to trial. *Sidney-Vinstein v AH Robins Co.*, 697 F.2d 88 (9th Cir. 1983). Although the use of Rule 12(f) is generally disfavored, courts may use the rule to strike pleadings that create serious risks of prejudice to an opposing party, cause delay and create confusion of issues. *Fantasy Inc. v Fogerty,* 984 F.2d 1524 (9th Cir. 1993), *rev on other grounds,* 510 U.S. 517 (1994). Something "immaterial" is that which has no essential or important relationship to the claim for relief or defenses. *Id.* An allegation is "impertinent" if it includes statements that do not pertain to, and are not necessary for, the issues in question in the case. *Id.*

Page 4 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
         NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

B.  **Motion for a More Definite Statement**

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement is appropriate when the complaint is so indefinite that the defendant cannot ascertain the nature of the claim asserted. *Scott v. Am. United Life Ins. Co.*, No. CIV. 05-1215-AS, 2005 WL 2675185, at *1 (D. Or. Oct. 19, 2005) (citing *Cellars v. Pac. Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)). A motion for a more definite statement must "point out the defects complained of and the details desired."

Fed. R. Civ. P. 8 requires that a complaint contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## III.  ARGUMENT

A.  **Failure to Timely File**

This Court's Opinion and Order required Plaintiff to file her amended complaint within 30 days.[1] (ECF No. 57, at 27). According to the docket, Plaintiff filed her Second Amended Complaint (ECF No. 58) on January 3, 2026. Thus, unless Plaintiff can demonstrate that she did file her amended complaint in accordance with this Court's order, Plaintiff's Second Amended Complaint should be struck in its entirety.

B.  **Americans with Disabilities Act**

This Court granted Plaintiff leave to amend her ADA claim against Defendant ODHS and named Defendants in their official capacities. However, in doing so, the Court noted that "it is not apparent what disability or disabilities Plaintiff may have. Additionally, throughout the Amended Complaint, Plaintiff states that she does not have a mental health condition or

---

[1] While Plaintiff filed her Second Amended Complaint in this matter on January 3, 2026, she managed to file a substantially similar complaint in Multnomah County Circuit Court Case No. 26CV00136 on January 2, 2026, which included nine summonses to the named defendants also dated January 2, 2026.

Page 5 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
            NF4/ls8/1011364894
                          Department of Justice
                          1162 Court Street NE
                          Salem, OR 97301-4096
                       (503) 947-4700 / Fax: (503) 947-4791

disorder." (ECF No. 57, at 16). "Indeed, Defendants' allegedly false allegations regarding Plaintiff's mental health serve as the basis for many of Plaintiff's claims." (*Id.*).

In her Second Amended Complaint, Plaintiff alleges again that she "may have or has had disabilities that qualify [her] as [an individual] with disabilities within the meaning of the ADA." (ECF No. 58, ¶ 88). Because Plaintiff again fails to allege that she is an "individual with a disability" as required under Title II of the ADA, Plaintiff's ADA claim as alleged is in violation of this Court's Order that Plaintiff plead with specificity the legal bases for each claim. After conferring on the matter, Plaintiff conceded that she does not have a disability but that Defendants perceived her to have a disability such that she was discriminated against under Title II. As currently pled, Plaintiff's ADA claim appears as a veiled attempt at appealing or otherwise enforcing state court decisions in violation of *Younger*. For example, Plaintiff alleges that she was discriminated against because of a perceived disability related to her mental health, but the basis under which the state court established jurisdiction over Plaintiff's Child was Plaintiff's admission that her "mental health issues, which include trauma and emotional distress, interfere with her ability to safely parent the child. [Plaintiff] must continue engaging in mental health services to rectify her mental health issues." *Matter of Z. E.*, 333 Or. App. 587, 591, 553 P.3d 582, 586 (2024). Moreover, Plaintiff alleges that this discrimination manifested as a failure to provide court-ordered services including reunification therapy and separate and distinct state court remedies exist to enforce state court orders.

Thus, Defendants move this Court for an order that Plaintiff make more definite statements as to how Defendants alleged failure to provide court-ordered services amounts to failing to provide her equal access to services under Title II due to her alleged perceived disability to allow for Defendants to reasonably prepare a response. Defendants further move this Court to strike the ADA claims against individually named defendants as required by this Court's Order, or in the alternative, Defendants move this Court for an order to make a more definite statements as to the capacity in which Defendants are named.

Page 6 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
NF4/ls8/1011364894

### C. Director Defendants

This Court granted Plaintiff leave to amend her § 1983 claims against Defendants Pakseresht, Wendt, Flint-Gerner, Garcia, Glenn, and Sorenson ("Director Defendants") in their official capacities for injunctive relief. (ECF No. 57, at 25-26). In Plaintiff's Second Amended Complaint, she includes additional Director Defendants—Wendt, Garcia, and Sorenson—but fails to make specific allegations regarding any Director Defendant or their involvement in the underlying proceedings. Plaintiff alleges only that Director Defendants were "made aware of" alleged civil and constitutional rights violations against her but failed to remedy them and "had a responsibility to step in" and ensure that Plaintiff was receiving access to services within a timely manner. (ECF No. 58, ¶¶ 59, 90). Just as in the First Amended Complaint, Plaintiff fails to specifically allege that any Director Defendant is connected with the enforcement of any specific policy involved in this case.

Moreover, Plaintiff fails to adequately address the jurisdictional question presented by *Younger v. Harris*, 401 U.S. 37 (1972) of whether Plaintiff's request for injunctive and declaratory relief is prohibited under 28 U.S.C. § 2283.[2] Specifically in light of Ninth Circuit precedent explaining that "family relations are a traditional area of state concern" such that states have a "vital interest in protecting the authority" of orders and judgments in domestic relations matters. *Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). While Plaintiff does not ask this Court specifically to stay the underlying state court proceedings, the prohibition "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

---

[2] "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Page 7 -    MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
NF4/ls8/1011364894

Accordingly, Plaintiff's claims for injunctive and declaratory relief are so vague and ambiguous that the Director Defendants cannot reasonably prepare a response and are in violation of this Court's Order requiring Plaintiff to plead with specificity each allegation against each Defendant. Thus, Defendants move this Court for an order that Plaintiff make more definite statements against the Director Defendants that would allow them to reasonably prepare a response.

### D.   Claims Against Defendant Burwell

Defendants move this Court for a more definite statement as to the claims against Defendant Ombudsman Sarah Burwell. In her First Amended Complaint, Plaintiff brought a claim against Ombudsman Darin Mancuso because he provided "little to no assistance" and "simply rubberstamp[ed] the representations of caseworkers regarding the withholding of vital services." (ECF No. 15, ¶ 21). In dismissing the claim, this Court found that "Plaintiff's singular allegation against Defendant Mancuso does not plausibly state a claim for relief." (ECF No. 57, at 25).

Now, Plaintiff has removed Defendant Mancuso from the Second Amended Complaint and has added Defendant Burwell in his place, alleging that Defendant Burwell "did nothing to change the pattern of delays in providing [services] and appeared to simply rubber stamp the delay tactics." (ECF No. 57, ¶ 35). Because the claim against Defendant Burwell is identical to the claim previously dismissed by this Court in part for failing to plausibly state a claim for relief, Defendants move for a more definite statement as to the actions of Defendant Burwell that would permit her to reasonably prepare a response.

### E.   Breach of Confidence Claim

In granting Plaintiff leave to amend her breach of confidentiality claim, this Court noted that Plaintiff failed to allege how each named defendant had a duty to keep the information at issue confidential *under the circumstances in which it was disclosed.* (ECF No. 57, at 19). Specifically, "Plaintiff has not alleged sufficient facts to show that information submitted to the

Page 8 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

state court regarding a restraining order or the publication of a photo of Plaintiff's Child on a church website amount to a breach of confidence." (*Id.*).

In her Second Amended Complaint, Plaintiff alleges that the statutes governing dependency proceedings created a duty for Defendants to keep information they gathered confidential, but she again fails to allege sufficient facts to show that the named defendants had a duty to keep this information confidential from the sources to whom it was disclosed. (ECF No. 58, ¶¶ 70-75).

Defendants move this Court for a more definite statement as to how each named defendant had a duty to keep the information at issue confidential under the circumstances in which it was disclosed.

### F.  Allegations Against "Defendants" Generally

Defendants move for a more definite statement on each reference to "Defendants" generally that is not tied directly to a named defendant. Plaintiff's Second Amended Complaint fails to conform with this Court's Order and Fed. R. Civ. P. 8(a) in that Plaintiff continues to make sweeping allegations of violations of federal and state law without specifically identifying the legal bases for her claims or the facts underlying them. In conferring on the matter with Plaintiff, she explained that "[w]here 'all defendants' is used 'all defendants' participated in the action. In order for individual defendants to reasonably prepare a response defending their actions in light of the § 1983 and related tort claims, Plaintiff must plead with specificity the actions or omissions taken by each Defendant that supports her claim.

Thus, Defendants move this Court for an order for a more definite statement as to each reference to "Defendants" generally that is not clearly related to allegations against a named defendant.

### G.  Time-Barred Claims

Defendants move to strike all time-barred claims from Plaintiff's Second Amended Complaint.

Page 9 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
             NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

For example, Plaintiff generally alleges facts occurring prior to September 2022, including actions taken in 2019, 2021, and in 2022 but prior to September. (ECF No. 58, ¶¶ 24-25). Moreover, Plaintiff alleges in support of her breach of confidence claim that in 2017 Defendants Sustrik and Elmquist provided confidential information to officials, described earlier in the complaint as U.S. Marshals, and other third parties to convince them to permit Defendant Elmquist to transfer Child across state lines. (*Id.* at ¶ 72). Plaintiff also alleges that she received an unsealed envelope in Summer 2022 with confidential information sent to an address where multiple individuals resided. (*Id.* at ¶ 74).

Because all claims arising from actions occurring prior to September 2022 are time-barred, Defendants move to strike any reference to conduct outside the statute of limitations.

## CONCLUSION

For the reasons set forth above, Defendants request this Court strike Plaintiff's Second Complaint in its entirety as untimely pled, or in the alternative grant Defendants motions to strike portions of the Second Amended Complaint and motions for a more definite statements as to the allegations contained in the Second Amended Complaint.

DATED February 10, 2026.

                                        Respectfully submitted,

                                        DAN RAYFIELD
                                        Attorney General

                                        *s/ Natalie M. Fisher*
                                        NATALIE M. FISHER #223995
                                        Assistant Attorney General
                                        DIRK L. PIERSON #941281
                                        Senior Assistant Attorney General
                                        Trial Attorneys
                                        Tel (503) 947-4700
                                        Fax (503) 947-4791
                                        natalie.fisher@doj.oregon.gov
                                        dirk.l.pierson@doj.oregon.gov
                                        Of Attorneys for Defendants

Page 10 -   MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT
    NF4/ls8/1011364894

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on February  10 , 2026, I served the foregoing MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT  upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Ms. Mareesa Barrett<br>310 SW 2nd Street, Unit 1526<br>Newport, OR 97365<br>    *Plaintiff, pro se* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-SERVE<br> X  E-MAIL<br>Mareesa@barrettlegalgroup.com |

 

     *s/ Natalie M. Fisher*
NATALIE M. FISHER #223995
Assistant Attorney General
DIRK L. PIERSON #941281
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
natalie.fisher@doj.oregon.gov
dirk.l.pierson@doj.oregon.gov
Of Attorneys for State Defendants Burwell, Elmquist, Flint-Gerner, Garcia, Glenn, Kennedy, Pakseresht, Polzel, Sorenson, Sustrik, Wendt, and ODHS

Page 1 -    CERTIFICATE OF SERVICE
            NF4/ls8/ 973731732

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791