IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAREESA M. BARRETT,

      Plaintiff,

      v.

OREGON DEPARTMENT OF HUMAN
SERVICES; OREGON COVERNOR'S
ADVOCACY OFFICE; FARIBORZ
PAKSERESHT, former Director, Oregon
Department of Human Services, in his
official capacity; LIESL WENDT, Director,
Oregon Department of Human Services, in
her official capacity; APRILLE FLINT-
GERNER, former Director, Child Welfare
Division, in her official capacity; ROLANDA
GARCIA, Interim Director, Child Welfare
Division, in her official capacity, MO GLENN,
former Director, Oregon Governor's Advocacy
Office; JENNIFER SORENSON, Interim
Director, Oregon Governor's Advocacy
Office; WENDY POLZEL, Child Protection
Services Supervisor in her official and
individual capacities; JILLIAN KENNEDY,
ODHS Child Welfare Permanency Worker in
her official and individual capacities;
CHRISTINA SUSTRIK, Child Welfare
Supervisor in her official and individual
capacities; SARAH BURWELL, Ombuds,
Oregon Governor's Advocacy Office;
DONDREA ELMQUIST in her official and
individual capacities,

      Defendants.

No. 3:24-cv-01483-AB

OPINION & ORDER

1 – OPINION & ORDER

**BAGGIO, District Judge:**

This action arises out of an Oregon state court juvenile dependency matter involving Self-Represented Plaintiff Mareesa M. Barrett and her minor child (hereinafter "Child"). Second Am. Compl. ("SAC"), ECF No. 58. The Court previously identified deficiencies in Plaintiff's First Amended Complaint and ordered Plaintiff to file an amended pleading. Op. & Order, ECF No. 57. The Court also instructed the parties to address *Younger* abstention in any future motions practice. *Id.* 8 n.3. In her Second Amended Complaint, Plaintiff brings claims against Defendant Oregon Department of Human Services ("ODHS"), Oregon Governor's Advocacy Office ("GAO"), and state agents or employees Wendy Polzel, Jillian Kennedy, Christina Sustrik, Sarah Burwell, Dondrea Elmquist, Aprille Flint-Gerner, Fariborz Pakseresht, Mo Glenn, Liesl Wendt, Rolanda Garcia, and Jennifer Sorenson. Defendants now move to strike or make more definite allegations in Plaintiff's Second Amended Complaint. Defs.' Mot. Strike, ECF No. 65.

For the reasons discussed below, the Court finds that *Younger* abstention requires a stay of this matter until the underlying juvenile dependency proceedings have resolved. The Court also finds Defendants' motion procedurally inappropriate but grants in part Defendants' motion to the extent that it can be construed as a motion to dismiss for Plaintiff's failure to comply with the Court's prior Opinion & Order. Once the state proceedings have resolved and the stay has been lifted, Plaintiff must file an amended pleading that cures the deficiencies previously-identified by this Court and addresses any additional abstention or jurisdictional issues in light of the resolved dependency matter.

## BACKGROUND

In 2017, Defendants "began investigating a report of child endangerment . . . involving Plaintiff and her Child." SAC ¶ 20. Plaintiff and Defendant Elmquist entered into an agreement

2 – OPINION & ORDER

to address these concerns, but in August 2017 Plaintiff "revoked" the contract with the intent to regain custody of her child. SAC ¶¶ 20, 32. Soon thereafter, Defendants filed a dependency action against Plaintiff in Multnomah County based on information provided to Defendant ODHS by Defendant Elmquist, much of which Plaintiff alleges was false. SAC ¶¶ 21, 32. These dependency proceedings appear to be ongoing as of the date of the Second Amended Complaint. *See* SAC ¶¶ 29, 34-35, 89 (noting court proceedings in 2025).

Plaintiff's claims primarily arise out of Defendants' failure to make reasonable efforts to reunify her with her Child. SAC ¶¶ 22, 28. At the core of these claims are Plaintiff's allegations that, despite orders from various state courts, Defendants failed to provide reunification therapy for Plaintiff and Child and that Defendants fabricated claims about Plaintiff's mental health conditions in order to prevent reunification. SAC ¶¶ 24-26, 31. Plaintiff also alleges that Defendants have interfered with her relationship with her Child by destroying communications Plaintiff sent to Child, SAC ¶ 30, disparaging Plaintiff in front of Child, SAC ¶ 36, and interfering in the religious upbringing of her Child, SAC ¶ 56. Plaintiff alleges that these actions have violated Plaintiff's constitutional rights and give rise to various torts. SAC ¶¶ 40-94. Plaintiff seeks both damages and injunctive relief. SAC ¶¶ 95-101.

## DISCUSSION

### I.    *Younger* Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982)). *Younger* is an "exceptional" abstention doctrine and applies only to federal cases with parallel state cases involving (1)

"pending state criminal proceedings," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 588 (2013). Put differently, *Younger* abstention applies where ongoing state proceedings "implicate important state interests." *H.C. ex rel Gordon*, 203 F.3d at 613. (quoting *San Remo Hotel* v. *City & Cnty. Of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998)). But federal courts should not invoke *Younger* "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo v. Hennessey*, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting *Middlesex Cnty.*, 457 U.S. at 435).

"Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Indeed, in *Sprint*, the Supreme Court cited a case involving a state proceeding to gain custody of children allegedly abused by the parents as a civil case to which *Younger* abstention may apply. 571 U.S. at 79 (citing *Moore*, 442 U.S. at 419-20). District courts in the Ninth Circuit have similarly concluded that cases involving underlying child dependency actions are barred by *Younger*. *See Hui Lian Ke v. Sandoval*, No. 17-CV-04229-EMC, 2018 WL 1763339, at *2 (N.D. Cal. Apr. 12, 2018) ("Child dependency cases, where the State has taken or is attempting to take custody of children, fit the description of that second category of cases that are akin to a criminal prosecution."); *Salmons v. Oregon*, Civ. No. 1:17-cv-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017) (dismissing a case involving underlying child dependency proceeding pursuant to *Younger*); *Gottfreid v. St. Vincent DePaul of Lane Cnty.*, Case No. 6:25-cv-01827-AP, 2026 WL 18819, at *4 (D. Or. Jan. 2, 2026) ("[T]his Court has no role in interfering in an ongoing state dependency action or reviewing any final decision of a state court regarding parental rights."); *see also Lacy-Curry v. Alameda Cnty. Soc. Servs. Agency*, 262 F.

4 – OPINION & ORDER

App'x 9, 10 (9th Cir. Dec. 26, 2007) ("Insofar as state [child dependency] proceedings are ongoing, *Younger* abstention requires dismissal of this action.").

*Younger* applies to this case. First, it appears in this case that state court proceedings are ongoing. Plaintiff's Second Amended Complaint contains references to state court orders throughout 2024. *See* SAC ¶¶ 29, 34-35, 89. And the relief that Plaintiff seeks involves the underlying state proceedings. *See* SAC ¶ 96 (seeking an order "enjoining Defendants from disregarding, disobeying, and delaying court orders and applicable statutes, particularly those identifying a need for services (such as parent-child therapy to assist in reunification efforts)").

Second, this case implicates important state interests. Not only does this case involve an underlying juvenile dependency matter, but the requested relief also asks the Court to interfere with the state matter. The core of Plaintiff's complaint concerns Defendants' failure to make reasonable efforts to reunify Plaintiff with her child. Again, Plaintiff seeks injunctive relief related specifically to the state court's orders regarding reunification. SAC ¶¶ 95-96. In other words, Plaintiff asks the Court to directly interfere with the state court proceedings and associated reunification efforts and mental health services. "This is precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon*, 203 F.3d at 613.

Finally, there is no evidence that the state court would not provide Plaintiff with an adequate opportunity to litigate her federal claims. Here, "the burden . . . rests on the federal plaintiff to show that state procedural law bars presentation of their claims." *Pennzoil Co v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (citation modified). Plaintiff's primary argument is that this case involves important constitutional questions. SAC ¶ 51 (arguing that *Younger* does not "overrule . . . the federal court's authority to intervene where a state actor fails to protect a parent's fundamental constitutional rights"). But "[t]he Supreme Court has 'repeatedly rejected

5 – OPINION & ORDER

the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger-Huffman* line of cases.'" *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schs.*, 477 U.S. 619, 628 (1986)). And Plaintiff does not plausibly allege bad faith or any other extraordinary circumstances that would make abstention inappropriate. Even if Plaintiff can show that Defendants delayed reunification and have not acted in Plaintiff's best interest, *see* Pl.'s Resp. Defs.' Mot. Strike 6, ECF No. 77, there is no suggestion that the dependency proceedings were initiated for any reason other than to protect the best interests of her Child. As the Court must assume that "state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary," *Baffert*, 332 F.3d at 619., the Court finds it appropriate to abstain from this matter.[1]

While *Younger* is frequently associated with dismissals, *see Gilbertson v. Albright*, 381 F.3d 965, 981-82 (9th Cir. 2004), Plaintiff here seeks both damages and injunctive relief, SAC ¶¶ 95-101. The Ninth Circuit has concluded that "*Younger* principles apply to a claim for damages," but "the correct disposition is to defer—not to dismiss—when damages are at issue." *Gilbertson*, 381 F.3d at 982. Accordingly, the Court finds that a stay is appropriate in this case. While the case is stayed, the parties are directed to file a joint status report every 90 days as to the status of

---

[1] Plaintiff also broadly asserts, without citation, that she cannot file a counterclaim against Defendants in state court for damages or to seek an injunction requesting relief from some of Defendants' actions in the underlying dependency proceedings. Pl.'s Resp. Defs.' Mot. Strike 7. As to the latter issue, Plaintiff's argument is undermined by her Second Amended Complaint in which she alleges that she was successful in challenging Defendants' reunification efforts and their treatment of her mental health in state court. *See, e.g.*, SAC ¶¶ 16 (noting the Oregon Court of Appeals in 2024 found that Defendants failed to make reasonable efforts to reunify Plaintiff and her Child), 34 (alleging the state court vacated its orders for additional psychological testing of Plaintiff). As to the former, Plaintiff's inability to bring claims for damages in the dependency proceeding is addressed by the stay in lieu of dismissal discussed in the next paragraph.

6 – OPINION & ORDER

the underlying state court proceedings. Once those proceedings have resolved, the Court will allow Plaintiff to file an amended pleading that must address any further abstention or jurisdictional issues, including the *Rooker-Feldman* doctrine.

## II.    Defendants' Motion

Defendants filed a motion to strike under Rule 12(f) or, in the alternative, for a more definite statement under Rule 12(e). Defs.' Mot. Strike 2. The parties do not dispute that any references to Assistant Attorney General Sybille Baer as a Defendant—which appear in four places in paragraph 57—should be stricken from the Second Amended Complaint. *Id.* Defendants also argue that Plaintiff's Second Amended Complaint should be dismissed as untimely. *Id.* at 3. Defendants finally argue that Plaintiff has failed to cure previously-identified deficiencies in many of her remaining claims such that they should be stricken from the Second Amended Complaint or Plaintiff should be ordered to file a more definite statement of her claims. *Id.* at 5-10.

Turning first to Defendants' argument that Plaintiff's pleading is untimely, the Court declines to strike Plaintiff's pleading on this basis and instead grants Plaintiff's late-filed Motion for Extension of Time. *See* Pl.'s Mot. Ext. Time, ECF No. 66. Plaintiff filed her Second Amended Complaint one day late due to travel delays and difficulties with PACER. *See id.* But, as the Court noted previously, Plaintiff appears to be a member of the Oregon State Bar. Moreover, Defendants have suggested that Plaintiff was able to file documents in a state court matter on the day that her pleading in this matter was due. Defs.' Mot. Strike 5 n.1 (noting Plaintiff "managed to file a substantially similar complaint in Multnomah County . . . on January 2, 2026"). The Court, therefore, warns Plaintiff that future filings must be filed by the deadline or

7 – OPINION & ORDER

Plaintiff must request an extension in advance of the filing deadline. Late filings will not be accepted, and late extension requests will not be granted absent extraordinary circumstances.

Next, the Court finds that Defendants' motion is not procedurally proper under Rule 12(f) or 12(e). Rule 12(f) is directed at "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are not vehicles for testing the legal sufficiency of a complaint." *State Farm Gen. Ins. Co. v. ABC Fulfillment Servs. LLC*, No. 1:15-cv-00421-KJM-JLT, 2016 WL 159229, at \*2 (E.D. Cal. Jan. 13, 2016) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)). Similarly, "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Presidio Group, LLC v. GMAC Mortg., LLC*, 2008 WL 3992765, at \*1 (W.D. Wash. Aug. 25, 2008). Here, Defendants do not argue that any of the claims are redundant, immaterial, or scandalous, or that the pleading is unintelligible. Rather, Defendants' motion attacks the lack of detail of the complaint and the sufficiency of the claims therein. Procedurally, therefore, Defendant's motion is properly viewed as a motion under Rule 12(b)(6). *See State Farm*, 2016 WL 159229, at \*2 ("[B]ecause motions to strike under Rule 12(f) and motions to dismiss for failure to state a claim under Rule 12(b)(6) resemble one another as far as evidentiary standards and proof are concerned, district courts occasionally convert 12(f) motions to 12(b)(6) motions.").

In light of the stay, the Court declines to specifically address each of Defendants' arguments. Once the stay is lifted, Plaintiff will be required to amend her pleading to reflect the substantive and procedural changes resulting from the resolved state dependency proceedings. But Defendants' argument is well-taken that Plaintiff has failed to comply with some of the Court's instructions in its prior Opinion & Order. For example, the Court previously dismissed §

8 – OPINION & ORDER

1983 claims against Defendant ODHS as barred by the Eleventh Amendment, Opinion & Order 25 ("The Court dismisses the following claims with prejudice: (1) Plaintiff's § 1983 and state law claims against Defendant ODHS . . . ."), but Plaintiff's still brings her § 1983 claims "Against All Defendants" in her Second Amended Complaint, SAC 17, 19. Similarly, Plaintiff makes sweeping assertions as to Defendants as a group throughout her pleading, but it is unclear how Defendant Burwell—who works for the Oregon GAO and is alleged to have rubber stamped Defendants' actions after Plaintiff filed a complaint, SAC ¶¶ 13, 35—is liable in many of the claims, like former-Defendant and GAO Ombudsman Mancuso, Op. & Order 24-25. And Plaintiff's Breach of Confidence claim is based, at least in part, on a time-barred claim from the summer of 2022. SAC ¶ 74. Plaintiff must ensure that any future pleading cures these deficiencies and others identified in the Court's prior Opinion & Order.

///

///

///

///

///

///

///

///

///

///

///

///

9 – OPINION & ORDER

**CONCLUSION**

The Court STAYS this matter pursuant to *Younger v Harris*, 401 U.S. 37 (1971). While the case is stayed, the parties shall file a joint status report every 90 days that reflects the status of the underlying juvenile dependency matter. The Court also GRANTS Plaintiff's Motion for Extension of Time [66] and GRANTS IN PART Defendants' Motion to Strike [65].

Once state dependency proceedings have resolved, the Court will set a deadline for Plaintiff to file a third amended complaint. Any amended pleading must resolve the deficiencies identified herein and in the Court's December 2, 2025 Opinion & Order [57]. The amended pleading must also address any other jurisdictional issues as a result of any state court judgment, such as the *Rooker-Feldman* doctrine. Plaintiff is advised that any future pleadings must be received on or before the deadline and that any motions for extension of time must be filed prior to the deadline. Late filings will not be accepted, and late extension requests will not be granted absent extraordinary circumstances.

IT IS SO ORDERED.

DATED this __2nd__ day of June, 2026.

AMY M. BAGGIO
United States District Judge

10 – OPINION & ORDER